**SEALED**

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>11029 Harry Hines Boulevard Suite B105<br>Dallas, Texas 75229 | )<br>)<br>)   Case No.<br>)<br>)   3-19MJ1040BH<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Northern___ District of ___Texas___
*(identify the person or describe the property to be searched and give its location):*

11029 Harry Hines Boulevard Suite B105 Dallas, Texas 75229 (more fully described in Attachment A)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before ___11/29/19___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___IRMA C. RAMIREZ___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of ___.

Date and time issued:   ___11/21/19 @ 10:28 a.m.___   *[signature]*
                                                                                           *Judge's signature*

City and state:   ___DALLAS, TEXAS___                     ___IRMA C. RAMIREZ, MAGISTRATE JUDGE___
                                                                                           *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

### Return

| Case No.: 3-19MJ1040BH | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| | Return | |
|---|---|---|
| Case No.: 19MJ1040BH | Date and time warrant executed: 11/22/19 @ 12:26 pm | Copy of warrant and inventory left with: Ozair Khalid |
| Inventory made in the presence of: Janie Gracia - seized property specialist | | |

Inventory of the property taken and name of any person(s) seized:

Automated Vape Cartridge filling machine

and

Attached inventory

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 11/26/19

_____
Executing officer's signature

Cynthia Manning
Printed name and title

# HOMELAND SECURITY INVESTIGATIONS
## SEARCH WARRANT INVENTORY

Name: The Smoke Shop - Muhammad Uzair-Khalid

Address: 11029 Harry Hines Blvd. Suite B105, Dallas, TX 75229

Date: 11/22/2019     Inventory Officer: J. Gracia

Case Number: DA08NR20DA0003

| Quantity | Description of Items | Room Number | Discovering Officer |
|---|---|---|---|
| 1 | Samsung Galaxy S9 | A | LG |
| 1 | iPad A1474 | D | J.D. |
| 1 | Misc Docs | A | LG |
| 1 | Unknown amount of U.S. Currency | A | CM |
| 1 | Lenovo H420 Desktop | A | JD |
| 1 | HP Pavilion Slimline | D | JD |
| 1 | Dell Optiplex GX620 | D | JD |
| APPROX 100 BXS | Drug Paraphernalia | A, B, C, D | LG |

Nothing Follows. JG 11/22/19

Page 1 of 1 Pages

## ATTACHMENT A

## SUBJECT PREMISES TO BE SEARCHED

**Subject Premises** to be searched is 11029 HARRY HINES BLVD SUITE B105 DALLAS, TX. **Subject Premises** is a one-story business address with a sign indicating the name "Smoke.Shop Accessories" and large glass sore-front windows, as pictured below:



## ATTACHMENT B

I. **ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 21 U.S.C. § 331(a) (causing the introduction of misbranded or adulterated drugs into interstate commerce), 21 U.S.C. § 331(k) (causing the misbranding or adulteration of a drug after shipment in interstate commerce and while held for sale), 21 U.S.C. § 863 (import of drug paraphernalia), 18 U.S.C. § 545 (smuggling), 18 U.S.C. § 371 (conspiracy to commit offenses against the United States), and 18 U.S.C. § 1956 (laundering of monetary instruments), for the time period July 2019 to the present, namely:

    a. Misbranded or adulterated drugs;

    b. Drug paraphernalia;

    c. Goods shipping into the United States that are contrary to law;

    d. Records and documents related to all importations, further shipments, and/or sales of items labeled or marketed as potential vaping products or ingredients;

    e. Goods that appear from importation records, other documents, or from onsite testing and evaluation to have been smuggled or mislabeled;

    f. Records and documents related to bank accounts in the name of or used by the people receiving and/or selling the vaping supplies;

    g. Records and documents related to the ownership or control of the Subject Premises;

   h. Records and documents related to communications about the contents and status of shipments of vaping products to the United States and the sale thereof;

   i. Records and documents related to inventory, labeling, movement, sale, and labeling of goods at the Subject Premises, including labels, shipping records for shipments to customers, and records contained on labeling devices;

   j. Currency and/or financial instruments derived from profits and proceeds of controlled substances, and evidence of financial transactions related to obtaining, transferring laundering, secreting, or spending money made from engaging in narcotic drug sales. Monetary instruments including money drafts, money orders, cashiers' checks, certificates of deposit, traveler's checks, false identification, title documents, and any negotiable bearer instruments;

   k. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

   l. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

     i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

    ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    iii. evidence of the attachment of other devices;

    iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v. evidence of the times the device was used;

    vi. passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

    vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    viii. records of or information about Internet Protocol addresses used by the device;

    ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and

materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.